[Cite as *State v. Taylor*, 2022-Ohio-811.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                                    No. 110286

v.                                      :

AARON L. TAYLOR,                        :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-645656-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Aaron Taylor appeals from his indefinite, non-life felony sentence imposed under R.C. 2929.144. For the following reasons, we affirm.

{¶ 2} Taylor pleaded guilty to felonious assault, a qualifying felony of the second degree, domestic violence, a nonqualifying third-degree misdemeanor, and three counts of endangering a child, misdemeanors of the first degree. Evidently, the conduct underlying Taylor's crimes is not relevant to the appeal; neither party has provided a recitation of the relevant facts for our consideration as required. App.R. 16(A)(6). At the time of his plea, the trial court indicated that because Taylor was pleading guilty to a felony of the second degree committed after the effective date of the Reagan Tokes Law, the sentencing provisions under R.C. 2929.144 and 2929.14(A)(2)(a) would apply. Taylor was sentenced to serve an indefinite, non-life sentence for a minimum of four years and a maximum of six years (the maximum term is determined to be 50 percent of the minimum term), with all other sentences of lesser terms imposed as "time served."

{¶ 3} In this appeal, Taylor claims, citing the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, (1) that the Reagan Tokes Law violates the right to trial by jury, (2) that the Reagan Tokes Law violates the separation-of-powers doctrine, or (3) that R.C. 2967.271(C) and (D), which provide offenders with the right to a hearing before imposition of the maximum term imposed under R.C. 2929.144, fail to provide the full panoply of constitutional pretrial rights in violation of their due process rights.

{¶ 4} We need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenges Taylor advanced against the

constitutional validity of the Reagan Tokes Law have been overruled. *See id.* at ¶ 17-51. Taylor has not presented any novel argument left unaddressed by *Delvallie.* As a result, Tayler's argument pertaining to his felonious assault conviction, with a sentence imposed under the Reagan Tokes Law, must also be overruled.

**{¶ 5}** We affirm.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
EMANUELLA D. GROVES, J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.